# EXHIBIT A

# Circuit Court
of
# Marion County
*Sixteenth Judicial Circuit*



**Rhonda L. Starn**
*Circuit Clerk*
(304) 367-5360

219 Adams Street
Room 211
Fairmont, WV 26554

Jason Basnett

V.

XTO Energy Inc.

Civil Action Number 17-C-309

December 22, 2017

I, Paige Murphy, Deputy Clerk, do certify that the foregoing is a true and correct certified copy of the entire docket sheet in civil case 17-C-309 as of December 22, 2017.

Rhonda L. Starn, Circuit Clerk

Paige Murphy, Deputy Circuit Clerk

| Court: | **Circuit** | County: | **24 - Marion** | Case Number: | **CC-24-2017-C-309** |
|---|---|---|---|---|---|
| Judge: | **David Janes** | Created Date: | **11/21/2017** | Status: | **Open** |
| Case Type: | **Civil** | Case Sub-Type: | **Contract** | Security Level: | **Public** |
| Style: | **Jason Basnett v. XTO Energy Inc.** | | | | |

| Document Id | Document Type | Document Origin | Description | Filing Date | Pages |
|---|---|---|---|---|---|
| 1-1 | Case Information Sheet | E-file | | 11/21/2017 | 2 |
| 1-2 | Complaint | E-file | Complaint | 11/21/2017 | 19 |
| 1-3 | Transmittal | E-file | | 11/21/2017 | 2 |
| 1-4 | Summons | E-file | | 11/21/2017 | 2 |
| 11-1 | Summons | Scanning - Vault SOHO | F/C SUMMONS TO XTO ENERGY INC. CORP. FWD TO SOS FOR SERVICE | 11/21/2017 | 1 |
| 12-1 | Other | Scanning - Vault SOHO | RECEIPTS OF SOS | 12/4/2017 | 2 |

_Rhonda L. Starn_

# EXHIBIT A

# Circuit Court
### of
# Marion County
*Sixteenth Judicial Circuit*



**Rhonda L. Starn**
*Circuit Clerk*
(304) 367-5360

219 Adams Street
Room 211
Fairmont, WV 26554

Jason Basnett

V.

XTO Energy Inc.

Civil Action Number 17-C-309

December 22, 2017

I, Paige Murphy, Deputy Clerk, do certify that the foregoing is a true and correct certified copy of the entire docket sheet in civil case 17-C-309  as of December 22, 2017.

Rhonda L. Starn, Circuit Clerk

Paige Murphy, Deputy Circuit Clerk

| Court: | **Circuit** | County: | **24 - Marion** | Case Number: | **CC-24-2017-C-309** |
|---|---|---|---|---|---|
| Judge: | **David Janes** | Created Date: | **11/21/2017** | Status: | **Open** |
| Case Type: | **Civil** | Case Sub-Type: | **Contract** | Security Level: | **Public** |
| Style: | **Jason Basnett v. XTO Energy Inc.** | | | | |

| Document Id | Document Type | Document Origin | Description | Filing Date | Pages |
|---|---|---|---|---|---|
| 1-1 | Case Information Sheet | E-file | | 11/21/2017 | 2 |
| 1-2 | Complaint | E-file | Complaint | 11/21/2017 | 19 |
| 1-3 | Transmittal | E-file | | 11/21/2017 | 2 |
| 1-4 | Summons | E-file | | 11/21/2017 | 2 |
| 11-1 | Summons | Scanning - Vault SOHO | F/C SUMMONS TO XTO ENERGY INC. CORP. FWD TO SOS FOR SERVICE | 11/21/2017 | 1 |
| 12-1 | Other | Scanning - Vault SOHO | RECEIPTS OF SOS | 12/4/2017 | 2 |

Rhonda L. Starn

# COVER SHEET

E-FILED | 11/21/2017 1:01 PM
CC-24-2017-C-309
Marion County Circuit Clerk
Rhonda Starn

## GENERAL INFORMATION

### IN THE CIRCUIT COURT OF MARION COUNTY WEST VIRGINIA

**Jason Basnett v. XTO Energy Inc.**

**First Plaintiff:**   ☐ Business   ☑ Individual   **First Defendant:**   ☑ Business   ☐ Individual
☐ Government   ☐ Other   ☐ Government   ☐ Other

**Judge:**   David Janes

## COMPLAINT INFORMATION

**Case Type:** Civil   **Complaint Type:** Contract

**Origin:**   ☑ Initial Filing   ☐ Appeal from Municipal Court   ☐ Appeal from Magistrate Court

**Jury Trial Requested:**   ☑ Yes   ☐ No   **Case will be ready for trial by:** 5/21/2018
**Mediation Requested:**   ☑ Yes   ☐ No
**Substantial Hardship Requested:**   ☐ Yes   ☑ No

☐ Do you or any of your clients or witnesses in this case require special accommodations due to a disability?

   ☐ Wheelchair accessible hearing room and other facilities

   ☐ Interpreter or other auxiliary aid for the hearing impaired

   ☐ Reader or other auxiliary aid for the visually impaired

   ☐ Spokesperson or other auxiliary aid for the speech impaired

   ☐ Other: _____

☐ I am proceeding without an attorney

☑ I have an attorney:   Kenneth Miller, 936 East Park Avenue Suite 2, Fairmont, WV 26554

## SERVED PARTIES

**Name:**          XTO Energy Inc.

**Address:**       Corporation Service Company, 209 West Washington Street, Charleston WV 25302

**Days to Answer:** 30          **Type of Service:**  Secretary of State - Certified

E-FILED | 11/21/2017 1:01 PM
CC-24-2017-C-309
Marion County Circuit Clerk
Rhonda Starn

## IN THE CIRCUIT COURT OF MARION COUNTY, WEST VIRGINIA

**JASON P. BASNETT and
TERESA L. BASNETT,**
**husband and wife,**

        **Plaintiffs,**

**v.**                            **CIVIL ACTION NO. _____**

**XTO ENERGY INC.,**
**a Delaware corporation,**

        **Defendant.**

### COMPLAINT

1.      The Plaintiffs, Jason P. Basnett and Teresa L. Basnett (hereinafter "Plaintiffs"), are Marion County residents residing at 313 Festus Ridge Road, Worthington, Marion County, West Virginia.

2.      The Plaintiffs are owners of oil and gas underlying a 34.688 acre tract located in Lincoln District, Marion County, West Virginia, identified as Tax Map 11-57, Parcels 20, 20.1, 21 and 23.1.

3.      The Defendant, XTO Energy Inc. (hereinafter "Defendant") is a Delaware corporation, is licensed to do business in West Virginia, and has its principal office located at 810 Houston Street, Fort Worth, TX 76102.

4.      At all times alleged herein, Defendant was engaged in the business of acquiring oil and gas leases, forming drilling units, preparing well sites, and drilling and operating oil and gas wells.

5.      Defendant approached the Plaintiffs about leasing their oil and gas interest and on September 20, 2012, as evidenced by Memorandum of Lease of record

in Deed Book 1122, at page 102, and its accompanying unrecorded oil and gas lease, the Plaintiffs leased their oil and gas interest to Defendant for a primary term of 5 years. **See Plaintiffs Exhibit 1 attached hereto.**

6.     The primary term of said lease began on September 20, 2012, and expired on September 20, 2017.

7.     In the year 2013, Defendant approached the Plaintiffs about purchasing a small portion of their property. The Plaintiffs were hesitant to sell any of their property as it had been owned by their family for decades.

8.     Defendant informed Plaintiffs that if they would sell the desired portion of their property to Defendant that it would allow Defendant's drilling rigs to access the well location.

9.     The parties thereafter agreed that if Plaintiffs would agree to sell Defendant the desired portion of Plaintiffs' property then Defendant would guarantee that Plaintiffs' oil and gas tract would be included in one or more drilling or production Units.

10.     Plaintiffs reluctantly but voluntarily agreed to convey Defendant the desired portion of property because the Defendant guaranteed that Plaintiffs' oil and gas lease would be drilled.

11.     By deed dated the 26th day of May, 2013, and of record in Deed Book 1133, at page 402 in the Office of the Clerk of the County Commission of Marion County, West Virginia, Plaintiffs conveyed said property to Defendant in exchange for the promise that Defendant would include Plaintiffs' oil and gas tract in one or more drilled or production units. **See Plaintiffs Exhibit 2 attached hereto.**

12.     To memorialize the agreement, by Letter of Agreement executed in May 2013, and recorded in the office of the Clerk of the County Commission of Marion County, West Virginia, in Deed Book 1215, at page 652, the Plaintiffs and the Defendant entered into a contract whereby the Defendant guaranteed to include Plaintiffs' oil and gas tract in one or more pooled and unitized drilling and production units upon the issuance of permits to drill same. **See Plaintiffs Exhibit 3 attached hereto.**

13.     More specifically, said contract provides "[f]or sufficient consideration provided by Lessor, Lessee hereby grants to Lessor a Guarantee to include the above described mineral acreages in one or more pooled and unitized drilling and production units upon the issuance of permits to drill the same."

14.     Defendant has several drilling and production units in the area of Plaintiffs' property in which wells have been permitted and/or drilled.

15.     Despite having several units in the area, Defendant did not include Plaintiffs' oil and gas tract in any of the aforementioned units and instead allowed the Plaintiffs lease to expire on September 20, 2017.

16.     The above contract is unambiguous and clearly contains a guarantee that Defendant would include the Plaintiffs' property in one or more drilling and production units.

17.     Defendant has unequivocally breached the contract it entered into by not including the Plaintiffs' oil and gas in any unit and by allowing the Plaintiffs' lease to expire four years after the contract was executed.

WHEREFORE, the Plaintiffs demand that the Defendant be obligated to perform its duties delineated in the contract, that Plaintiffs be re-leased and immediately included into one or more drilling and production units, and that Plaintiffs be awarded compensatory damages, punitive damages, recovery of their costs, and reasonable attorney fees incurred in seeking this relief against the Defendant.

Plaintiffs demand trial by jury.

> Jason P. Basnett and Teresa L. Basnett,
> husband and wife,
> Plaintiffs By Counsel
>
> Kenneth R. Miller (WV State Bar ID #2558)
> K. Alex Miller (WV State Bar ID# 9698)
> MILLER LAW OFFICES, PLLC
> 936 East Park Avenue, Suite 2
> Post Office Box 2116
> Fairmont WV 26555-2116
> (304) 366-0822

201200015819
JEREMY JONES
WILL PICK UP

Instrument   Book Page
201200015819   1122   102

## MEMORANDUM OF OIL & GAS LEASE

Page 1 of 2

This Memorandum of Oil & Gas Lease is made 20th day of September, 2012, as of the between Jason P. Basnett & Teresa L. Basnett, husband and wife, as Lessor or (whether one or more), whose address is 313 Festus Ridge Road, Worthington, WV 26591-0000, and XTO Energy, Inc., whose mailing address is 810 Houston Street, Fort Worth, TX 76102-6298 as Lessee.

WITNESSETH, That for and in consideration of One Dollar ($1.00) and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, and of the mutual covenants and agreements set forth in a certain lease between the Lessor and Lessee dated 09/20/2012, (hereinafter referred to as the "Lease") does hereby grant, demise lease and let exclusively unto Lessee the following described premises:

**Description,** The Leasehold is located in the District of Lincoln, Marion County, West Virginia, and described as follows:

**"SEE EXHIBIT "A" ATTACHED HERETO AND MADE A PART HEREOF FOR LEGAL DESCRIPTION AND OTHER PROVISIONS OF THIS LEASE"**

and described for the purposes of this agreement as containing a total of **34.6880000** gross acres, whether actually more or less, including contiguous lands owned by Lessor (including any interests therein which Lessor may hereafter acquire by reversion, prescription or otherwise).

TO HAVE AND TO HOLD the Leasehold for a term commencing 09/20/2012 (effective date) and terminating Five (5) Years thereafter, and for as long thereafter as prescribed payments are made, or for as long thereafter as operations are conducted on the Leasehold in search of or production of oil, gas, or their constituents, or for as long as a well deemed by Lessee to be capable of production is located on the Leasehold or lands pooled/unitized therewith, or for as long as extended by provision herein, or for as long as the Leasehold is used for the underground storage of gas, or for the protection of stored gas.

In the event the Lease is in future amended or supplemented by written instrument executed by the parties in interest thereto or shall be assigned or terminated in any manner permitted under the terms of the Lease, then without any further act or instrument whatsoever, this Memorandum of Oil & Gas Lease shall likewise and to the same effect be amended, assigned or terminated, as the case may be.

Both Lessor and Lessee have in their possession of a fully executed original of the Lease.

This Memorandum of Oil & Gas Lease is executed in simplified short form for the convenience of the parties and for the purpose of recording the same. This Memorandum of Oil & Gas Lease is recorded in lieu of the Lease and for the purpose of placing all persons on notice of the existence of the Lease and shall not have the effect of in any way modifying, supplementing or abridging the Lease or any of its provisions as the same or now or may hereafter be in force and effect

IN WITNESS WHEREOF, this instrument is executed on the date and year first above written

_Jason P. Basnett_
Jason P. Basnett

_Teresa L. Basnett_
Teresa L. Basnett

Lessee: XTO Energy, Inc.

_Edwin S. Ryan_
By: Edwin S. Ryan, Jr.
Senior Vice President -- Land Administration

**PLAINTIFF'S EXHIBIT**

**1**

Instrument     Book Page
201200015819    1122  103

# MEMORANDUM OF OIL & GAS LEASE

Page 2 of 2

State of _____ WVa. _____

County of _____ Marion _____

On this _____ 20 _____ day of _____ Sept _____, _____ 2012, before me the undersigned Notary Public in and for said County and State personally appeared Jason P. Basnett & Teresa L. Basnett, husband and wife known to me to be the persons whose names subscribed to the foregoing instrument and acknowledged that they executed the same as their free and voluntary act and deed for the purpose and consideration therein mentioned and set forth.

IN WITNESS WHEREOF I have hereunto set my hand and official seal.

My Commission Expires: _____ 4-3-2018 _____

Signature/Notary Public: _____ John M. Criado _____

Name/Notary Public (print): _____ John M. Criado _____

OFFICIAL SEAL
NOTARY PUBLIC
STATE OF WEST VIRGINIA
JOHN M. CRIADO
818 BROADWAY AVENUE
FAIRMONT, WV 26554
My commission expires April 3, 2018

ACKNOWLEDGEMENT OF AGENT FOR LESSEE

State of Texas

County of Tarrant

On this, the _____ 3rd _____ day of _____ October _____ 2012 before me a notary public, the undersigned officer, personally appeared Edwin S. Ryan, Jr., on behalf of XTO Energy, Inc., as its Senior Vice President – Land Administration, known to me (or satisfactorily proven) to be the person(s) whose name is subscribed to the within Instrument, and acknowledged that _____ executed the same for the purposes therein contained.

IN WITNESS HEREOF, I hereunto set my hand and official seal.

Notary Public, State of _____ Texas _____

Printed Name: _____ JORDAN ASHLEE LASSITER _____

Commission Expires: _____ 5|20|16 _____

JORDAN ASHLEE LASSITER
Notary Public
STATE OF TEXAS
My Comm. Exp.

Prepared by: T. S. Dudley Land Company, Inc.

After Recording, please return to:
XTO Energy, Inc.
810 Houston Street
Fort Worth TX, 76102-6298

LPR# 12-07892-2628

## EXHIBIT "A"

THIS EXHIBIT "A" attached hereto and made a part of that certain Memorandum of an "Oil & Gas Lease" dated the 20th day of September, 2012 by and between Jason P. Basnett & Teresa L. Basnett, husband and wife, as Lessor and XTO Energy, Inc., as Lessee.

**LEGAL DESCRIPTION:**

26.6880000 acres, more or less, described in Warranty Deed Book 982, Page 266, dated 02-17-2003, from Dennis B. Basnett and Judith Basnet, his wife, to Jason P. Basnett and Teresa L. Basnet, his wife, also described as Lincoln Tax District (11), Map 0057, Parcel Number 0020-0000. Tax Parcel Id Number 11-0057-0020-0000.

3.0000000 acres, more or less, described in Warranty Deed Book 944, Page 79, dated 12-03-1997, from Roy G. Basnett and Doris J. Basnett, his attorney-in-fact, Doris J. Basnett, his wife, to Jason P. Basnett and Teresa L. Basnett, his wife, also described as Lincoln Tax District (11), Map 0057, Parcel Number 0020-0001. Tax Parcel Id Number 11-0057-0020-0001.

1.0000000 acres, more or less, described in Warranty Deed Book 1056, Page 207, dated 10-07-2009, from Louis P. Brown, widow, to Raymond M. Lucas and Pam E. Lucas, his wife, also described as Lincoln Tax District (11), Parcel Number 0023-0001. Tax Parcel Id Number 11-0057-0023-0001.

4.0000000 acres, more or less, described in Warranty Deed Book 982, Page 266, dated 02-17-2003, from Dennis G. Basnett and Judith Basnett, his wife, to Jason P. Basnett and Teresa L. Basnet, his wife, also described as Lincoln Tax District (11), Map 0057, Parcel Number 0021-0000. Tax Parcel Id Number 11-0057-0021-0000.

_Jason P. Basnett_                          _Teresa L. Basnett_

Jason P. Basnett                            Teresa L. Basnett

201200015819
Filed for Record in
MARION COUNTY, WV
JANICE COSCO, COUNTY CLERK
10-26-2012 At 01:02 pm.
LEASE                11.00
STATE TAX             .00
COUNTY TAX            .00
Book    1122 Page  102 -   104

## PAID UP OIL and GAS LEASE

THIS AGREEMENT made and entered into this the 20th day of September, 2012, by and between Jason P. Basnett & Teresa L. Basnett, husband and wife, 313 Festus Ridge Road, Worthington, WV 26591-0000, hereinafter called Lessor (whether one or more), and XTO Energy Inc., a Delaware corporation, with a mailing address of 810 Houston Street, Fort Worth, Texas 76102-6298, hereinafter called Lessee,

WITNESSETH, that said Lessor, for and in consideration of the sum of ONE DOLLAR ($1.00), the receipt of which is hereby acknowledged, and of the royalties herein provided, and of the covenants hereinafter contained to be paid, kept and performed by said Lessee, grants, demises, leases and lets, exclusively unto Lessee, the lands hereinafter described, with covenants of general warranty, for the purposes and with the rights of exploring by conducting geological surveys, by geophysical surveys with seismographs, by core tests, gravity, magnetic, geochemical and other methods whether now developed or developed later, and of constructing drill sites to drill new wells, recondition producing wells, re-drill and use abandoned wells, pipe and equipment on the property, and of drilling either vertically or horizontally, producing, and otherwise operating for oil or gas or both, along with all hydrocarbon substances produced in association therewith, together with the right and easement to construct, lay, modify, operate, repair, maintain and remove pipelines, telephone, power and electric lines (telephone, power and electric lines for use only with associated oil and gas production equipment), tanks, ponds, permanent roadways including stone or rock roads, plants, stations, compressors, equipment and structures thereon including houses for valves, meters, regulators and other appliances, together with the exclusive right to inject air, gas, water, brine or other fluids into the subsurface strata, with any and all other rights and privileges necessary, incident to or convenient for such operations on this land, alone or co-jointly with neighboring lands for these purposes, together also with the right to unlimited access to the lease premises so Lessee can exercise the aforesaid rights, all that certain tract of land situate in the Lincoln District, Marion County, State of West Virginia, and bounded substantially as follows (the "lease premises"):

"SEE EXHIBIT "A" ATTACHED HERETO AND MADE A PART HEREOF FOR LEGAL DESCRIPTION AND OTHER PROVISIONS OF THIS LEASE"

and containing 34.6880000 acres of land whether actually containing more or less. This lease also covers and includes, in addition to that above described, all land, if any, contiguous or adjacent to or adjoining the land above described and (a) owned or claimed by Lessor by limitation, prescription, possession, reversion, after-acquired title or unrecorded instrument or (b) as to which Lessor has a preference right of acquisition. Lessor agrees to execute any supplemental instrument requested by Lessee for a more complete or accurate description of said land.

1.      It is agreed that this lease shall remain in force for a primary term of Five (5) Years from the date hereof, hereinafter called "primary term", and as long thereafter as oil or gas is produced from the Leased Premises, or from lands pooled therewith, or operations, as hereinafter defined, are conducted upon said land, without a cessation of such production and operations for an unreasonable period of time, or this lease is maintained in force under any subsequent provisions hereof.

2.      Lessee covenants and agrees:
        (a) to deliver to the credit of Lessor, his heirs or assigns, free of costs, a royalty 14.5% of that native oil produced and saved from the lease premises, with the exception of non-commercial nuisance oil, and delivered at the wells or into the pipeline to which the wells may be connected.  Lessee may from time to time purchase any royalty oil in its possession, paying the market price then prevailing for the field where produced, and Lessee may sell any royalty oil in its possession and pay Lessor the price received by Lessee for such oil computed at the well, and
        (b) to pay Lessor as a royalty, for the native gas and casinghead gas or other gaseous substance, produced from said land and sold or used beyond the well or for the extraction of gasoline or other product, an amount equal to 14.5% of the gross amount realized by Lessee computed at the wellhead from the sale of such substances, less any incurred taxes and third party charges, from each and every well.  On gas sold at the well, the royalty shall be 14.5% of the amount realized by Lessee from such sale, and
        (c) payment of royalties hereunder shall be made or tendered monthly, or may be withheld at the discretion of the Lessee until such time as the total withheld exceeds twenty-five dollars ($25.00), or annually at the end of the calendar year. Lessee shall sell the production of the well on such terms and conditions as Lessee, in its sole discretion, may deem appropriate.  Lessee shall have no duty to obtain production sales terms, which maximize the royalties payable to Lessor hereunder, but in no event shall Lessee market the royalty portion of production at a price less than Lessee receives for its production.

3.      All payments under this lease shall be made by check or voucher to the order of, and shall be mailed to, Jason P. Basnett & Teresa L. Basnett, husband and wife  at   313 Festus Ridge Road, Worthington, WV 26591-0000  until Lessee shall have received written notice from Lessor, its heirs or assigns, accompanied by original or certified copies of deeds or other documents as Lessee may require, evidencing such change of ownership and directing payments to be made otherwise, and any payments made as above until such direction, and thereafter in accordance with such direction, shall absolve Lessee from any liability to any heir or assign of Lessor.  All payments or royalty are to be made according to Lessor's respective interest therein, as herein set forth, and this lease shall not be forfeited for Lessee's failure to pay any royalties or other payments until Lessee has received written notice by registered mail of such default and shall fail, for a period of sixty (60) days after receipt of such notice, to pay same.  This lease shall never be subject to a civil action or other claim to enforce claim of forfeiture due to Lessee's alleged failure to perform as specified herein, unless Lessee has received written notice of Lessor's demand and thereafter fails or refuses to satisfy Lessor's demand within sixty (60) days from the receipt of said notice by registered mail.  If Lessor owns a lesser interest in the oil and gas in and under the premises than the entire undivided interest therein, then the royalties and other payments herein provided for shall be paid to Lessor only in the proportion which his interest bears to the whole and undivided interest therein

4.      In addition to the covenants of general warranty hereinabove contained, Lessor further covenants and agrees, that if Lessor's title to the lease premises shall come into dispute or litigation, or, if in the judgment of Lessee, there are bona fide adverse claims to the royalties hereinabove provided for, then Lessee, at its option, may withhold the payment of said royalties without interest until final adjudication or other settlement of such dispute, litigation, claim or claims; and that Lessee, at its option, may pay and discharge any taxes, mortgages or other lien or liens existing, levied, assessed or which may hereafter come into existence or be levied or assessed on or against the lease premises, and in the event it exercises such option, Lessee shall be subrogated to the lien and any and all rights of any holder or holders thereof, and may reimburse itself by applying to the discharge of any such mortgage, tax, or other lien or liens, any royalty or other payment accruing hereunder.  The exercise of such reimbursement option shall not be considered an election of remedies.

5.      If and when drilling or other operations hereunder are delayed or interrupted by lack of water, labor or material, or by fire, storm, flood, weather, war, rebellion, insurrection, riot, strike, differences with workmen, failure of subcontractors, or failure of carriers to transport or furnish facilities for transportation, or as a result of some order, rule, regulation, requisition or necessity of the government, or any other recognized force majeure, or as the result of any other cause whatsoever beyond the control of Lessee, the time of such delay or interruption shall not be counted against Lessee, anything in this lease to the contrary notwithstanding.  All express or implied covenants of this lease shall be subject to all Federal and State Laws, Executive Orders, Rules or Regulations and this lease shall not be terminated, in whole or in part, nor Lessee held liable in damages for failure to comply therewith, if compliance is prevented by, or if such failure is the result of, any such Law, Order, Rule or Regulation.

6.      Whenever used in this lease, the word "operations" shall mean operations for any of the following: preparing the drill site location or access road, drilling, testing, reworking, recompleting, deepening, sidetracking, plugging back, or repairing of a well in search for, or in an endeavor to maintain, re-establish or enhance the production of oil or gas or both, whether or not in paying quantities.

7.      Lessee shall have the right to assign this lease or any interest therein and the assignee of Lessee shall have corresponding rights, privileges, and obligations with respect to said royalties and the other obligations related to the acreage assigned to it.  Upon such assignment, Lessee shall be relieved of any obligation, payment or liability thereafter to accrue to the assigned portion of the lease.

8.      Lessee may, at any time during the term hereof, cancel and surrender this lease, and be relieved of any and all obligations, payments and liabilities thereafter to accrue as to the lease premises, by either the mailing of a notice to Lessor of such cancellation and surrender, or by filing of record

a release or releases of this lease.

9.      Lessee may drill or not drill on the lease premises as it may elect, and the consideration paid and to be paid hereunder constitutes full adequate compensation for such privilege.

10.      No well shall be drilled by Lessee within 200 feet of any dwelling or barn now on the lease premises, except by written consent of the owner of the surface on which such dwelling or barn is located.  Lessee may locate drill sites and well bores where it deems necessary or appropriate on the lease premises for the production of oil or gas or both.  Lessee may construct and maintain drill site access roads connecting to available roads and/or to the nearest neighboring well operated by Lessee, or to which Lessee has the operator's permission to use its access road.

11.      It is agreed that Lessee shall have the privilege of using free of charge sufficient water, oil and gas from the lease premises to run all machinery necessary for operations thereon. Lessee shall have the right at any time during the term of this lease or after the expiration or termination thereof to remove all machinery, fixtures, pipelines, meters, well equipment, houses, buildings, and other structures which Lessee has placed or caused to be placed on the lease premises, including the right to pull and remove all casing and tubing.

12.      If Lessee shall begin operations for the commencement of a well during the primary term of this lease, or any extension thereof, Lessee shall then have the right to complete the drilling and/or completion of such well, and if oil or gas or both be found in paying quantities, this lease shall continue and be in force and with like effect as if such well had been completed within the primary term.

13.      The lease premises may be fully and freely used by Lessor for any purpose, excepting such parts as are used by Lessee in operations hereunder. Lessee's drilling, producing and operating sites on the lease premises are for Lessee's use only; Lessor shall not use such sites for storage or any other purpose.

14.      Lessee shall pay Lessor for all damages to growing agricultural crops caused by Lessee's operations on the lease premises and shall bury all permanent pipelines below plow depth through cultivated areas upon request of Lessor owning an interest in the surface. Damages shall be calculated at current marketable value only; in no instance shall estimates of future values be considered.  Any timber cut by Lessee in preparing access roads, right-of-ways, or locations will be stacked in an orderly manner in locations to be mutually agreed upon between by Lessee and Lessor and will not be subject to damage reimbursement to Lessor by Lessee.  Any injury to Lessee's workers or damages to Lessee's property that are caused by Lessor, whether intentional or not, shall be recoverable by Lessee from any royalty payments or any other payments to Lessor that are due or becoming due.

15.      Lessee is hereby granted the right, at its option, to pool and unitize all or any part of the lease premises with any other lease or leases, land or lands, mineral estates, or any of them whether owned by the Lessee or others, so as to create one or more drilling or production units. Each such drilling or production unit shall not exceed 640 acres, plus an acreage tolerance of 10% in extent and shall conform to the rules and regulations of any lawful government authority having jurisdiction of the premises, and with good drilling or production practice in the area in which such unit is located. In the event of the pooling or unitization of the whole or any part of the lease premises, Lessee shall before or after the completion of the well, record a copy of its unit designation in the County where the lease premises are located. In order to give effect to the known limits of the pool of oil or gas or both as such limits may be determined from available geological or scientific information or drilling operations, Lessee may at any time amend, re-form, reduce, or enlarge the size and shape of any unit formed, and increase or decrease that portion of the acreage covered by this lease which is included in any drilling or production unit, or exclude it altogether;  provided that Lessee shall file an appropriate instrument of record in the county records where lands are located and written notice thereof shall be given to Lessor promptly.  As to each drilling or production unit designated by the Lessee, the Lessor agrees to accept and shall receive out of the production or the proceeds from the production from such unit, such proportion of the royalties specified herein, as the number of acres out of the lands covered by this lease which may be included from time to time in any such unit bears to the total number of acres included in such unit rather than the full  amount  of the royalty stated in paragraph 2 above.  Operations on any portion of the unit created under the terms of this paragraph shall have the same effect upon the terms of this lease as if operations or production are being conducted or occurring on the lease premises.

16.      If at any time after the primary term hereof there is a well capable of producing gas (with or without condensate) in paying quantities located upon the premises or on lands pooled therewith but such well is awaiting pipeline connection or is shut-in for any other reason (whether before or after production) and this lease is not maintained in force by operations or production at any well or by other activity or event, nevertheless it shall be considered that gas is being produced in paying quantities within the meaning of this lease (collectively, the "Shut-in Well"). On or before the end of the initial year during which this lease is maintained in force for the entire annual period under this paragraph 16, if the Shut-in Well has been shut-in for at least 90 consecutive days during such period, Lessee shall pay or tender to Lessor hereunder, or to those entitled to the royalties provided for in this lease, a shut-in royalty equal to $1.00 per acre for the acreage held under this lease at the time such payment or tender is made.  Each subsequent payment or tender shall be made thereafter in like manner and amount on or before the end of each annual period while the lease is maintained in force for the entire annual period under the first sentence of this paragraph 16.  Lessee's failure to timely or correctly pay or tender the shut-in royalty for any year shall not operate to terminate this lease or serve as a basis for its cancellation, but Lessee shall correct any erroneous payment or tender, when notified thereof, and if late then Lessee shall make the correcting payment or tender with interest at the rate of eight (8%) percent per annum to those to whom such shut-in royalty was not timely or correctly paid or tendered.  As long as any well is shut-in, it shall be considered for the purposes of maintaining this lease in force that gas is being produced in paying quantities and this lease shall continue in effect both before and after the primary term. Notwithstanding anything to the contrary contained in this lease, at the option of Lessee, which may be exercised by Lessee giving notice to Lessor, a well which has been drilled and Lessee intends to free shall be deemed a well capable of producing in paying quantities and the date such well is shut-in shall be when the drilling operations are completed.

17.      Lessee shall be entitled during the term of this lease to lay and maintain pipelines on and across Lessor's premises to transport, without any fee payable therefore to Lessor, natural gas produced on the said tract of land and/or on other lands whether or not adjacent to the tract of land described herein.  Any such transportation or gathering lines shall always remain the property of Lessee. Beyond the term of this lease, Lessee shall not be entitled to lay and maintain additional pipelines across Lessor's premises without specific written consent of Lessor.  However, any pipelines laid during the term of this lease shall continue to be operative at the Lessee's option without any fee payable to Lessor and Lessee shall continue to have the right of unlimited access to maintain or remove said pipelines.

18.      Lessee, in its sole discretion, may plug and abandon any well which it has drilled on the lease premises.  Upon abandonment of said well or wells drilled on the lease premises, Lessee shall restore, to the extent reasonably practicable, the drill site, access road(s) to drill site(s), culverts and gates.

19.      All the terms, conditions, limitations and covenants herein contained shall be binding upon the parties hereto and shall extend to and be binding upon their respective heirs, successors, personal representatives and assigns, but no representations other than those herein contained shall be binding on either party.

20.      In addition to the covenants of general warranty hereinabove contained, Lessor hereby warrants that: (i) the lease premises are not encumbered by any enforceable oil or gas lease(s) of record or otherwise, and (ii) Lessor is not currently receiving any bonus, rental, production royalty or shut-in royalty as the result of any prior oil or gas lease(s) covering any or all of the subject property, and (iii) all wells drilled upon the lease premises, or upon any lands with which the lease premises have been combined in a drilling or production unit, have been plugged and abandoned.

21.      If during the term of this lease the Lessor makes a conveyance whereby the surface rights are transferred on the entire lease or a portion thereof, Lessor shall promptly give notice of same to Lessee and Lessor shall forward to Lessee a recorded copy of such conveyance.  Lessor shall similarly provide the new title holder(s) to the surface rights with the terms and provisions of this Oil and Gas Lease that said title holders are subject to.

22.      If Lessor receives an offer to lease the oil or gas or both concerning any portion of the lease premises described herein at any time while this agreement remains in full force and effect, or within six (6) months thereafter, Lessor hereby agrees to notify Lessee of offeror's name, and to offer immediately to Lessee, in writing, the same lease terms.  Lessee shall have fifteen (15) days to accept or reject the said offer to lease the oil and gas

covered by the offer at the price, terms, and conditions specified in the offer.  Failure of Lessor to provide such notice and offer to Lessee shall terminate any Lease entered into between Lessor and such offeror.

23.     This instrument may be executed in counterparts each having the same validity and all of which shall constitute but one and  the same instrument.  Should any one or more of the parties named as Lessor fail to execute this lease, it shall nevertheless be binding upon all such parties who do execute it as Lessor.

24.     If any provision of this Lease is held invalid or unenforceable by any court of competent jurisdiction, the other provisions of this Agreement will remain in full force and effect. Any provision of this Agreement held invalid or unenforceable only in part or degree will remain in full force and effect to the extent not held invalid or unenforceable.

25.     This Lease contains the entire agreement of Lessor and Lessee and supersedes and replaces any oral or written communication heretofore made between them relating to the subject matter.

26.     As a result of topography, land development in the vicinity of said land, governmental rules or ordinances regarding well sites, and/or surface restrictions as may be set forth in this lease and/or other leases in the vicinity, surface locations for well sites in the vicinity may be limited and Lessee may encounter difficulty securing surface location(s) for drilling, reworking or other operations.  Therefore, since drilling, reworking or other operations may either be restricted or not allowed on said land or other leases in the vicinity, it is agreed that any such operations conducted at a surface location off of said land or off of lands with which said land are pooled in accordance with this lease, provided that such operations are associated with a directional well for the purpose of drilling, reworking, producing or other operations under said land or lands pooled therewith, shall for purposes of this lease be deemed operations conducted on said land.  Nothing contained in this paragraph is intended to modify any surface restrictions or pooling provisions or restrictions contained in this lease, except as expressly stated.

IN WITNESS WHEREOF, the parties to this agreement have hereunto set their hands and seals the day and year first above written.

_____
Jason P. Basnett

_____
Teresa L. Basnett

State of _____

County of _____

On this _____ day of _____, _____, before me the undersigned Notary Public in and for said County and State personally appeared Jason P. Basnett & Teresa L.Basnett, husband and wife known to me to be the persons whose names subscribed to the foregoing instrument and acknowledged that they executed the same as their free and voluntary act and deed for the purpose and consideration therein mentioned and set forth.

IN WITNESS WHEREOF I have hereunto set my hand and official seal.

My Commission Expires: _____

Signature/Notary Public: _____

Name/Notary Public (print): _____

**Prepared by: T. S. Dudley Land Company, Inc.**

**After Recording, please return to:**
**XTO Energy, Inc.**
**810 Houston Street**
**Fort Worth TX, 76102-6298**

LPR# 12-07892-2628

Page 4 of 4

## EXHIBIT "A"

THIS EXHIBIT "A" attached hereto and made a part of that certain "Oil & Gas Lease" dated the 20th day of September, 2012 by and between Jason P. Basnett & Teresa L. Basnett, husband and wife, as Lessor and XTO Energy, Inc., as Lessee.

**LEGAL DESCRIPTION:**

26.6880000 acres, more or less, described in Warranty Deed Book 982, Page 266, dated 02-17-2003, from Dennis B. Basnett and Judith Basnet, his wife, to Jason P. Basnett and Teresa L. Basnett, his wife, also described as Lincoln Tax District (11), Map 0057, Parcel Number 0020-0000. Tax Parcel Id Number 11-0057-0020-0000.

3.0000000 acres, more or less, described in Warranty Deed Book 944, Page 79, dated 12-03-1997, from Roy G. Basnett and Doris J. Basnett, his attorney-in-fact, Doris J. Basnett, his wife, to Jason P. Basnett and Teresa L. Basnett, his wife, also described as Lincoln Tax District (11), Map 0057, Parcel Number 0020-0001. Tax Parcel Id Number 11-0057-0020-0001.

1.0000000 acres, more or less, described in Warranty Deed Book 1056, Page 207, dated 10-07-2009, from Louis P. Brown, widow, to Raymond M. Lucas and Pam E. Lucas, his wife, also described as Lincoln Tax District (11), Map 0057, Parcel Number 0023-0001. Tax Parcel Id Number 11-0057-0023-0001.

4.0000000 acres, more or less, described in Warranty Deed Book 982, Page 268, dated 02-17-2003, from Dennis G. Basnett and Judith Basnett, his wife, to Jason P. Basnett and Teresa L. Basnet, his wife, also described as Lincoln Tax District (11), Map 0057, Parcel Number 0021-0000. Tax Parcel Id Number 11-0057-0021-0000.

**OTHER PROVISIONS:**

The lands covered by this lease are limited to only those depths below the top of the Geneseo/Burkett formation.

**PUGH CLAUSE**

Following the expiration of the primary term of this lease or the expiration of any extension or renewal of the primary term, whichever occurs last, drilling or reworking operations on or production from a pooled unit or units established under the provisions of printed paragraph 15 hereof, which includes a portion or portions of the leased premises and other land, shall maintain this lease in force only as to land included within the surface boundaries of such unit or units.

_____        _____
Jason P. Basnett                        Teresa L. Basnett

JWCI LAND CONSULTANTS
ATTN CHRIS DRAKE
66 INDUSTRIAL PARK ROAD
JANE LEW WV 26378

Instrument
201300007453

Book Page
1133 402

## DEED

THIS DEED is made this 26th day of May, 2013, by and between Jason P. Basnett and Teresa L. Basnett, husband and wife, whose address is 313 Festus Ridge Rd, Worthington, WV 26591, herein referred to as "Grantor", and, XTO Energy Inc., whose address is 810 Houston Street, Fort Worth, TX 76102-6298, herein referred to as "Grantee".

### WITNESSETH:

That for and in consideration of the sum of One and 00/100 Dollars ($10.00), the receipt of which is hereby acknowledged, Grantor hereby grants and conveys to Grantee, with covenants of general warranty, the SURFACE, and only the surface, together with all privileges and appurtenances thereto belonging, of that certain tract or parcel of land containing 0.036 acres, more or less, located along County Road 46 and near the waters of Taverbaugh Creek in Lincoln District, Marion County, West Virginia, and more particularly described as follows:

NONCONTROLLED ACCESS RIGHT OF WAY

**Beginning** at a 5/8″ rebar set on the northerly right-of-way line of County Road 46 offset **15′** from the centerline of said road; thence along the northerly right-of-way line of said road the following three courses and distances:

S 55°07′51″ W 93.89′ to a point; thence

S 67°17′34″ W 41.77′ to a point; thence

S 82°19′37″ W 66.14′ to a 5/8″ rebar set on the northerly right-of-way line of County Road 46 offset **15′** from the centerline of said road; thence through land now or formerly of Jason P. & Teresa L. Basnett the following two courses and distances:

N 72°02′31″ E 67.19′ to a point; thence

N 63°42′09″ E 170.33′ to a 5/8″ rebar set, **the point of beginning.**

Containing an area of 1,554 sq. ft. or 0.036 acres as shown on a plat entitled "Plat of Partition Survey for XTO Energy, Inc. on The Lands of Jason P. & Teresa L. Basnett" attached hereto, and by reference, made a part of this description.

Being a part of the lands conveyed to Jason P. & Teresa L. Basnett by Dennis G. Basnett by deed dated February 17, 2003 as recorded in the Office of the County Clerk of Marion County West Virginia in Deed Book Vol. 982, Page 266.

There is EXCEPTED and RESERVED and not hereby conveyed, from and under the above-described real estate, all of the coal, all substances, including but not limited to, gas contained in the coal or found in association with it, all rock and other materials above and below any coal seam as may be convenient for the mining of the coal, the spaces which contain the coal or from which coal is removed or which may be caused by removal of coal, including but not limited to, gas and other substances which may escape to or exist in such spaces (all of which is referred to herein as "coal"), and all oil and gas and oil and gas bearing sands, strata, formations and horizons in which oil and gas may be or may have been found, and as reserved in prior deeds.

The above-described real estate is also subject to any and all prior exceptions, reservations, rights-of-way, easements and other restrictions and servitudes of record affecting the surface estate hereby conveyed.

**PLAINTIFF'S
EXHIBIT**

**2**

Instrument 201300007453
Book Page 1133  403

<u>Declaration of Consideration or Value</u>

This undersigned Grantor hereby declares that the total consideration paid for the real estate hereby conveyed is Thirty Thousand Dollars 00/100 Dollars ($30,000.00).

IN WITNESS WHEREOF, the Grantor has caused this instrument to be duly executed by its undersigned authorized official as of the date first hereinabove written.

_Jason P. Basnett_
Jason P. Basnett

_Teresa L. Basnett_
Teresa L. Basnett

STATE OF WEST VIRGINIA
COUNTY OF MARION, TO-WIT:

I, ____Keith D. Capps____, a notary public of said county, do certify that Jason P. Basnett and Teresa L. Basnett, husband and wife, who signed the writing hereto annexed, bearing date as of the 24th day of ____May____, 2013, has this day in my said county, before me, acknowledged the same to be the act and deed of said County.

Given under my hand this 24th day of ____May____, 2013.

My commission expires:

April 18, 2022

_Keith Capps_
NOTARY PUBLIC

OFFICIAL SEAL
STATE OF WEST VIRGINIA
NOTARY PUBLIC
KEITH D. CAPPS
JWCI
66 Industrial Park Rd, Jane Lew, WV 26378
My commission expires April 18, 2022

This instrument was prepared by:

JWCI Land Consultants
66 Industrial Park Road
Jane Lew, WV 26378



STATE OF WEST VIRGINIA, County of Marion,
To-Wit:

I, Janice Cosco, Clerk of the County Commission of said County, do hereby certify that the foregoing writing, with certificate thereto annexed, was this day produced to me in my office and duly admitted to record.

Witness my hand.

_Janice Cosco_ Clerk

201300007453
Filed for Record in
MARION COUNTY, WV
JANICE COSCO, COUNTY CLERK
05-28-2013 At 12:34 pm.
DEED                36.00
STATE TAX           99.00
COUNTY TAX          33.00
Book  1133 Page 402 - 404

Instrument
201700012562

Book Page
1215 652

## LETTER OF AGREEMENT

This Agreement is between XTO Energy Inc., 810 Houston Street, Fort Worth, Texas 76102 hereinafter referred to as (Lessee) and Jason P. & Teresa L. Basnett with an address of 315 Festus Ridge Rd. Worthington, WV 26591, hereinafter referred as (Lessor), the owner of the following described mineral acreage situate in Lincoln District, Marion County, West Virginia, to wit:

26.6880000 acres, more or less, described in Warranty Deed Book 982, Page 266, dated 02-17-2003, from Dennis B. Basnett and Judith Basnett, his wife, to Jason P. Basnett and Teresa L. Basnett, his wife, also described as Lincoln Tax District (11), Map 0057, Parcel Number 0020-0000. Tax Parcel Id Number 11-0057-0020-0000.

3.0000000 acres, more or less, described in Warranty Deed Book 944, Page 79, dated 12-03-1997, from Roy G. Basnett and Doris J. Basnett, his attorney-in-fact, Doris J. Basnett, his wife, to Jason P. Basnett and Teresa L. Basnett, his wife, also described as Lincoln Tax District (11), Map 0057, Parcel Number 0020-0001. Tax Parcel Id Number 11-0057-0020-0001.

1.0000000 acres, more or less, described in Warranty Deed Book 1056, Page 207, dated 10-07-2009, from Louis P. Brown, widow, to Raymond M. Lucas and Pam E. Lucas, his wife, also described as Lincoln Tax District (11), Map 0057, Parcel Number 0023-0001. Tax Parcel Id Number 11-0057-0023-0001.

4.0000000 acres, more or less, described in Warranty Deed Book 982, Page 266, dated 02-17-2003, from Dennis B. Basnett and Judith Basnett, his wife, to Jason P. Basnett and Teresa L. Basnett, his wife, also described as Lincoln Tax District (11), Map 0057, Parcel Number 0021-0000. Tax Parcel Id Number 11-0057-0021-0000.

And containing 34.6880000 acres of land whether actually containing more or less.

For sufficient consideration provided by Lessor, Lessee hereby grants to Lessor a Guarantee to include the above described mineral acreages in one or more pooled and unitized drilling and production units upon the issuance of permits to drill same.

This agreement will be binding upon Lessee to include Lessor's mineral acreage in one or more pooled and unitized drilling and production units as they are permitted, drilled and developed, however this agreement does not obligate Lessee to drill wells in either unit.

This agreement will be binding upon and inure to the benefit of the parties hereto their respective heirs, beneficiaries, legal representatives, successors and assigns.

LESSEE:

Date: 5/20/13

Edwin S. Ryan, Jr., Sr V. P. -
Land Administration

LESSOR:

Date: 5 - 26 - 13

Jason P. Basnett

Date: 5-26-13

Teresa L. Basnett

**PLAINTIFF'S
EXHIBIT**

**3**

Instrument
201700012562

Book Page
1215   653

## ACKNOWLEDGEMENTS

STATE OF TEXAS,
COUNTY OF TARRANT, TO-WIT:

I, _____ JORDAN ASHLEE LASSITER _____, a notary public of said county, do certify that
Edwin S. Ryan, Jr., who acknowledged himself to be Sr. V. P.–Land Administration of
XTO Energy Inc., a Delaware corporation, who signed the writing hereto annexed,
bearing date as of the 20 day of May , 2013, has this day in my said
county, before me, acknowledged the same to be the act and deed of said corporation.

Given under my hand this 20 day of May , 2013 .

JORDAN ASHLEE LASSITER
Notary Public
STATE OF TEXAS
My Comm. Exp. 05/20/2016

NOTARY PUBLIC

My commission expires:

May 20. 2016

STATE OF WEST VIRGINIA,
COUNTY OF MARION, TO-WIT:

I, _Keith D. Capps_ , a notary public of said county, do certify that
Jason P. Basnett & Teresa L. Basnett, who signed the writing hereto annexed, bearing
date as of the 24th day of May , 2013, has this day in my said county, before
me, acknowledged the same to be the act and deed of said county.

Given under my hand this 24th day of May , 2013 .

OFFICIAL SEAL
STATE OF WEST VIRGINIA
NOTARY PUBLIC
KEITH D. CAPPS
JWCI
86 Industrial Park Rd, Jane Lew, WV 26378
My commission expires April 18, 2022

NOTARY PUBLIC

My commission expires:

April 18, 2022

201700012562
Filed for Record in
MARION COUNTY, WV
JANICE COSCO, COUNTY CLERK
09-15-2017 At 03:32 pm.
AGREE DEED      11.00
STATE TAX        .00
COUNTY TAX       .00
Book  1215 Page  652 - 653

This instrument was prepared by:
JWCI Land Consultants

2

## **VERIFICATION**

STATE OF WEST VIRGINIA,

COUNTY OF MARION, TO-WIT:


    Jason P. Basnett, Plaintiff named in the foregoing Complaint, being first duly

sworn, says that the facts and allegations therein contained are true, except insofar as

they are therein stated to be upon information, he believes them to be true.



PAUL HARTON, II
Notary Public Official Seal
State of West Virginia
My Comm. Expires Nov 3, 2021
441 Mount Harmony Rd. Fairmont WV 26554

Jason P. Basnett

    Taken, subscribed and sworn to before me this the _14_ day of November,

2017.


_____
Notary Public


My Commission Expires:

_November 3, 2021_

## **VERIFICATION**

STATE OF WEST VIRGINIA,

COUNTY OF MARION, TO-WIT:

     Teresa L. Basnett, Plaintiff named in the foregoing Complaint, being first duly sworn, says that the facts and allegations therein contained are true, except insofar as they are therein stated to be upon information, she believes them to be true.



_____
Teresa L. Basnett

     Taken, subscribed and sworn to before me this the ___14___ day of November, 2017.

_____
Notary Public

My Commission Expires:

November 3, 2021



West Virginia E-Filing Notice

CC-24-2017-C-309

Judge: David Janes

**To:**   Kenneth Miller
alexmillerlawofficeswv@gmail.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF MARION COUNTY, WEST VIRGINIA

Jason Basnett v. XTO Energy Inc.
CC-24-2017-C-309

The following complaint was FILED on 11/21/2017 1:01:17 PM

Notice Date:      11/21/2017 1:01:17 PM

Rhonda Starn
CLERK OF THE CIRCUIT
Marion
219 Adam Street, Room 211
FAIRMONT, WV 26554

(304) 367-5360
rhonda.starn@courtswv.gov



West Virginia E-Filing Notice

CC-24-2017-C-309

Judge: David Janes

**To:** XTO Energy Inc.
Corporation Service Company,
209 West Washington Street
Charleston, WV 25302

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF MARION COUNTY, WEST VIRGINIA

Jason Basnett v. XTO Energy Inc.
CC-24-2017-C-309

The following complaint was FILED on 11/21/2017 1:01:17 PM

Notice Date:      11/21/2017 1:01:17 PM

Rhonda Starn
CLERK OF THE CIRCUIT
Marion
219 Adam Street, Room 211
FAIRMONT, WV 26554

(304) 367-5360
rhonda.starn@courtswv.gov

E-FILED | 11/21/2017 1:01 PM
CC-24-2017-C-309
Marion County Circuit Clerk
Rhonda Starn

# Request for Legal Process to be Served by the West Virginia Secretary of State

Please serve the named defendant  XTO Energy Inc.
in the attached matter according to the provision of applicable law.

| | | |
|---|---|---|
| ☐ | §21A-5-17c | Service on non-resident employer & others liable for unemployment comensation payments |
| ☐ | §29-19-14 | Service on professional fund raising counsel, nonresident charitable organizations or professional solicitors soliciting contributions from people in this State |
| ☐ | §31D-5-504 & §56-3-13 | Service on authorized domestic corporation |
| ☑ | §31D-15-1510 | Service on unauthorized foreign corporation |
| ☐ | §31B-1-111 & §31B-9-906 | Service on authorized domestic or foreign limited liability company |
| ☐ | §33-4-12 | Service on licensed insurer |
| ☐ | §33-4-13 & §33-2-22 | Service on unlicensed or unauthorized foreign insurer |
| ☐ | §38-1A-7 & §38-1A-8 | Service on non-resident trustee of a security trust |
| ☐ | §46A-2-137 | Service on certain nonresidents under WV Consumer Credit and Protection Act |
| ☐ | §47-9-4 | Service on authorized domestic or foreign limited partnership formed under §47-9, or limited liability partnership (LLP) formed under §47B-10 (see also §56-3-13a, §47B-9-6) |
| ☐ | §47-9-4 | Service on unauthorized foreign limited partnership or LLP |
| ☐ | §56-3-31 | Service on nonresident motor vehicle operator involved in an accident in this state, or on his/her insurer |
| ☐ | §56-3-31 | Service on individual under the long-arm statute because the individual is: |

    ☐ (1)   Transacting business in this state

    ☐ (2)   Contacting to supply services or things in this state

    ☐ (3)   Causing tortious injury in this state by act or omission (see §56-3-33(4) for description of causing tortious inury)

    ☐ (4)   Non-support of minor children (pusuant to Lozinski v. Lozinski)

    ☐ (5)   Causing injury in this state by breach of warranty

    ☐ (6)   Having interest in, using or possessing real property in this state

    ☐ (7)   Contracting to insure person, property or risk located in WV at the time of contracting

| | | |
|---|---|---|
| ☐ | §38-5A-5 | Service of suggestee execution as provided for in §38-5A |

# SUMMONS

E-FILED | 11/21/2017 1:01 PM
CC-24-2017-C-309
Marion County Circuit Clerk
Rhonda Starn

IN THE CIRCUIT OF MARION WEST VIRGINIA
**Jason Basnett v. XTO Energy Inc.**

Service Type:    Secretary of State - Certified

NOTICE TO:    XTO Energy Inc., Corporation Service Company,, 209 West Washington Street, Charleston, WV 25302

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY:

Kenneth Miller, 936 East Park Avenue, Suite 2, Fairmont, WV 26554

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

SERVICE:

| 11/21/2017 1:01:17 PM | /s/ Rhonda Starn |
|---|---|
| Date | Clerk |

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to _____

☐ Not Found in Bailiwick

| _____ | _____ |
|---|---|
| Date | Server's Signature |

# SUMMONS



## IN THE CIRCUIT OF MARION WEST VIRGINIA
### Jason Basnett v. XTO Energy Inc.

Service Type:    Secretary of State - Certified

NOTICE TO:   XTO Energy Inc., Corporation Service Company,, 209 West Washington Street, Charleston, WV 25302
THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR
RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR
DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR
HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY:

Kenneth Miller, 936 East Park Avenue, Suite 2, Fairmont, WV 26554

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT
BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

SERVICE:

| 11/21/2017 1:01:17 PM | /s/ Rhonda Starn |
|---|---|
| Date | Clerk |

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to _____

_____

☐ Not Found in Bailiwick

| _____ | _____ |
|---|---|
| Date | Server's Signature |

*Processed*
*11/21/17*

*Summons & Complaint fwa to SOS for service.*

Office of the Secretary of State
Building 1 Suite 157-K
1900 Kanawha Blvd E.
Charleston, WV 25305



**Mac Warner**
Secretary of State
State of West Virginia
**Phone:** 304-558-6000
886-767-8683
**Visit us online:**
www.wvsos.com

Rhonda L. Starn
Marion County Courthouse
219 Adams St Rm 211
Fairmont, WV 26554-1269

**Control Number:** 206426

**Defendant:** ETO ENERGY INC.
209 West Washington Street
Charleston, WV 25302 US

**Agent:** Corporation Service Company

**County:** Marion

**Civil Action:** 17-C-309

**Certified Number:** 92148901125134100002194151

**Service Date:** 11/29/2017

I am enclosing:

**1 summons and complaint**

which was served on the Secretary at the State Capitol as your statutory attorney-in-fact. According to law, I have accepted service of process in the name and on behalf of your corporation.

*Please note that this office has no connection whatsoever with the enclosed documents other than to accept service of process in the name and on behalf of your corporation as your attorney-in-fact. Please address any questions about this document directly to the court or the plaintiff's attorney, shown in the enclosed paper, **not to the Secretary of State's office**.*

Sincerely,

*Mac Warner*

Mac Warner
Secretary of State

# SUMMONS





E-FILED | 11/21/2017 1:01 PM
CC-24-2017-C-309
Marion County Circuit Clerk
Rhonda Starn

## IN THE CIRCUIT OF MARION WEST VIRGINIA
### Jason Basnett v. XTO Energy Inc.

Service Type:    Secretary of State - Certified

NOTICE TO:   XTO Energy Inc., Corporation Service Company,, 209 West Washington Street, Charleston, WV 25302
THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR
RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR
DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR
HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY:

Kenneth Miller, 936 East Park Avenue, Suite 2, Fairmont, WV 26554

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT
BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

SERVICE:

| 11/21/2017 1:01:17 PM | /s/ Rhonda Starn |
| Date | Clerk |

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on  _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to  _____

☐ Not Found in Bailiwick

| Date | Server's Signature |

SECRETARY OF STATE OF WEST VIRGINIA
2017 NOV 29 P 3 06
ACCEPTED FOR PROCESS

RECEIVED
NOV 27 2017

RETURN:

RHONDA L. STARN
Circuit Clerk
219 Adams St., Rm. 211
Fairmont, WV 26554